LOYAL G. DICKERSON vs. DANIEL MIXTER.

A. granted to B., by deed, a narrow strip of land "for the purpose of enabling the grantee to erect a mill dam:" By the same deed, A. granted to B. "the right to build, upon the land of the grantor, a mill or factory, somewhere near the north-west corner of S. W.'s land; and also the right to dig a canal or trench from said mill dam to such mill as may be erected; with the right of passing to and from said mill dam and mill, over the grantor's land:" B. built a mill dam on said narrow strip of land, and also a mill near the northwest corner of S. W.'s land, but not on the land of A., and dug a canal from said dam, partly through the land of A., to said mill, and, six years afterwards, entered upon A.'s land, through which the canal was dug, to repair and clear out the canal. *Held*, that said deed gave B. no right to dig a canal through A.'s land in any other place than that designated, namely, from said mill dam to a mill on A.'s land; and that A. might maintain an action of trespass against B. for entering on A.'s land to repair and clear out the canal, even though A. had acquiesced, for six years, in the building of the mill and the digging of the canal.

TRESPASS for breaking and entering the plaintiff's close in Leicester. Trial in the court of common pleas, before *Merrick*, J.

The plaintiff, after giving evidence of his title to the close described in his declaration, introduced testimony which showed that the defendant, in 1843 and 1844, entered said close, and then and there amended, repaired, and cleared out a trench or canal there, which extended, from a dam on Kettle Brook, through the plaintiff's land, to the defendant's mill, and through which canal the waters of said brook had been conveyed and conducted to said mill, since December 1837.

The defendant, in justification of the acts alleged to be trespasses, gave in evidence, among other things, a deed made by the plaintiff to Charles E. Waite, dated April 1st 1837, wherein, as the defendant contended, there was granted to said Waite a certain piece of land whereon to construct the mill dam now owned by the defendant, together with a right to erect the mill aforesaid, and to dig said canal, and to enter the plaintiff's land for the purpose of amending, repairing and clearing out said canal, &c. This deed conveyed to said Waite " a narrow strip of land in the easterly part of Leicester, on the east side of Kettle Brook, so called, bounded west by land conveyed by David Morton to John Waite, by deed dated

October 15th 1836," and contained the following words: " This narrow strip of land being conveyed by me to the grantee, for the purpose of enabling him to erect a mill dam ; and he is to take so much as may be necessary for that purpose, and may erect his dam to such a height as he shall think proper, but in no event to erect the same upon said brook farther south than the southerly line of the land conveyed by said Morton as aforesaid ; and the wheel pit of any mill or factory which may be built by the said Charles E. Waite, his heirs or assigns, shall in no event be placed so low as to have a fall of less than twelve feet from the bottom of said wheel pit to the upper surface of the water in Samuel Watson's factory pond.   Also the right to build, upon the land of the grantor, a mill or factory somewhere near the northwest corner of Samuel Waite's land, if the grantee, his heirs or assigns shall see fit; and also the right to dig a canal or trench from said mill dam to such mill as may be erected ; said trench or canal, however, to be carried as far easterly as practicable, upon the side of the hill, and the fall, from the bottom of the wheel pit to said Watson's pond, never to be less than twelve feet ; with the right of passing, to and from said mill dam and .mill, over the grantor's land, in the usual way, as laid out by the grantor ; and with the right of digging gravel on the premises of the grantor, doing as little damage as possible."

The defendant claimed title under the deed aforesaid, through sundry mesne conveyances, which he gave in evidence.   He also gave evidence that his mill, though not built on the plaintiff's land, where alone the plaintiff contended it could be legally built, was built, in the latter part of the year 1837, on a small piece of land adjoining the land which is described in the plaintiff's writ as the place where the alleged trespass was committed, and ' near ' to what was, at the date of the above mentioned deed, ' the northwest corner of Samuel Waite's land,' and which was purchased by said Charles E. Waite, (under whom the defendant claimed,) of Samuel Waite, soon after the date of said deed, for the purpose of

erecting said mill thereon ; that said mill was erected some rods from the southerly line of the plaintiff's land, near to which the plaintiff contended it should have been built ; the race of said mill being so sunk and constructed as to convey the waters of said brook, used at the mill, through the defendant's land, a short distance, and then through the plaintiff's land to the plaintiff's mill pond ; into which pond they would have been emptied, if the mill had been built on the plaintiff's land.

The judge instructed the jury, " that the grant in the plaintiff's deed of April 1st 1837, of a right to convey water through his land, was a grant to convey the water to a mill which should be built on the plaintiff's land, and that the defendant, not having built his mill on said land, derived from said grant no right to convey water through the plaintiff's land to the mill which was built on other land ; and that the entry upon the plaintiff's land, and the acts, or repair and amendment, done to said trench by the defendant, who could claim only the rights of Waite, were in no wise justified by virtue of any rights, or the exercise thereof, conferred by the said deed of the plaintiff to said Waite."

The jury found a verdict for the plaintiff, for nominal damages, and the defendant alleged exceptions to the instructions given to the jury.

*Bacon & F. H. Dewey*, for the defendant.

*C. Allen & Hartshorn*, for the plaintiff.

WILDE, J. This case depends on the construction of the deed from the plaintiff to Charles E. Waite, from whom the defendant derives his title, by several mesne conveyances. By that deed, the plaintiff conveyed to Waite a narrow strip of land, for the purpose of enabling him to erect a mill dam thereon ; and also the right to build, upon the land of the grantor, a mill or factory, and the right to dig a canal from said mill dam to such mill as might be so erected. The mill, however, was not built on the plaintiff's land, but several rods therefrom, and a canal was dug, from the mill dam to the race, across the plaintiff's land, which the defendant

contends that the grantee, his heirs and assigns had a right to do, and to enter upon the plaintiff's land, to repair and clear out said canal; which is the trespass alleged in the plaintiff's declaration. But we are of opinion that Waite had no right, under the plaintiff's deed, to dig a canal in any other place than that designated in the deed. The course of the canal or trench was particularly designated in the deed, and there can be no doubt of the meaning of the grant.

It was contended, in the argument, that the plaintiff acquiesced in the building of the mill and the digging of the canal. But there is no evidence of that fact; and if there were any such evidence, it would not be material — the language of the grant being clear. *Exceptions overruled*